UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Jose ESQUIVEL-Escobar,<br><br>Defendant | Magistrate Docket No.<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **February 4, 2008** within the Southern District of California, defendant, **Jose ESQUIVEL-Escobar**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 5th DAY OF **FEBRUARY 2008**

Ruben B. Brooks
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Jose ESQUIVEL-Escobar

## PROBABLE CAUSE STATEMENT

On February 4, 2008 Border Patrol Agent R. Byrne was performing line watch duties in the Imperial Beach Border Patrol Station. At approximately 1:25 AM the infra-red scope operator, Border Patrol Agent Spear, notified Agent Byrne via Agency radio of five individuals walking north in an area known as "Goat Canyon." This area is located approximately 200 yards north of the U.S./Mexico International Boundary Fence, and four miles west of the San Ysidro, California Port of Entry.

Agent Spear observed one of these subjects using hand gestures to direct the other subjects. Agent Byrne responded to the area and began performing a search of the area. While searching the area, Agent Byrne encountered one of the subjects running south towards the U.S./Mexico International Boundary Fence in an attempt to abscond. Agent Byrne approached the subject, identified himself as a United States Border Patrol Agent and questioned the subject as to his citizenship and immigration status. The subject, later identified as the defendant **Jose ESQUIVEL-Escobar**, admitted to being a citizen and national of Mexico not in possession of any immigration documents which would allow him to enter or remain in the United States legally. Agent Byrne placed the defendant under arrest and transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **January 22, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.